**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JERRY L. COFFEY,

                Plaintiff,

                                          Case No. 3:12-cv-638-J-JRK

vs.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Jerry L. Coffey ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). His alleged inability to work is based on "bipolar and schizophrenic disorders." Transcript of Administrative Proceedings (Doc. No. 7; "Tr." or "administrative transcript"), filed August 21, 2012, at 71, 72; see also Tr. at 528. According to Plaintiff, these disorders cause him to have difficulty concentrating, be "very forgetful," "get anxious," and "get bad headaches[.]" Tr. at 528; see also, e.g., Tr. at 596-97. On December 9, 2009, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of

---

       1       Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

       2       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 6), filed August 21, 2012; Reference Order (Doc. No. 9), entered August 29, 2012.

September 30, 2009. Tr. at 136-40, 141-44. Plaintiff's claims were denied initially, Tr. at 69-72, 77-82, and were denied upon reconsideration, Tr. at 73-76, 87-90.

On May 26, 2011, an Administrative Law Judge ("ALJ") presided over a hearing at which Plaintiff and his then-representative, Jessica Dumas, Esquire, appeared. Tr. at 29-68. Also present at the hearing was Charles Heartsill, a vocational expert. Tr. at 29. At the time of the hearing, Plaintiff was forty-two years old. Tr. at 40. As far as his educational background, although he completed the tenth grade "with [s]pecial [c]lasses," later testing revealed he functions at lower grade levels in various academic areas. Tr. at 36, 40, 60-61.

On September 23, 2011, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 13-22. Plaintiff then requested review by the Appeals Council. Tr. at 10. The Appeals Council received and admitted some additional evidence in the form of a brief written by Plaintiff's representative, Tr. at 4-5, 608-10, and denied Plaintiff's request for review on April 5, 2012, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On June 1, 2012, Plaintiff commenced this case under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff raises a single issue on appeal: whether the ALJ erred "by failing to state with the proper specificity and articulation the weight she provided to the medical opinions offered by [Sherry v.] Risch, [Ph.D.,]" an examining psychologist. Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. No. 13; "Pl.'s Mem."), filed November 21, 2012, at 1. Defendant contends that the ALJ properly discounted Dr. Risch's opinion by "sufficiently explain[ing] the weight, and the reasons for the weight, given to the opinion . . . ."

Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem."), filed January 18, 2013, at 5.

Plaintiff also separately moves to submit additional evidence to this Court in the form of two documents completed by Dr. Risch and submitted to the ALJ during the hearing: "a Mental Residual Functional Capacity Assessment and a Psychiatric Review Technique." See Plaintiff's Motion to Supplement the Record (Doc. No. 14; "Motion"), filed November 21, 2012, at 1-2. Despite being submitted to the ALJ, see Tr. at 34, the documents never became part of the administrative transcript. Defendant has responded in opposition to the Motion. See Commissioner's Response to Plaintiff's Motion to Supplement the Record (Doc. No. 15), filed December 5, 2012.

After a review of the parties respective memoranda and the administrative transcript, the court finds the ALJ committed reversible error in discounting Dr. Risch's opinion, and this matter is due to be reversed and remanded for further consideration of it. Because the matter will be remanded and Plaintiff will have the opportunity on remand to submit the additional evidence to the Administration, his Motion is due to be denied as moot.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

---

[3]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 15-21.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 30, 2009, the alleged onset date." Tr. at 15 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: depression, bipolar disorder, and substance abuse (in remission)." Tr. at 15 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he would be limited to simple 1-2 step jobs consistent with his education restriction and occasional contact with people. [Plaintiff] has the ability to lift and carry up to 50 pounds occasionally and 25 pounds frequently, as well as sit, stand and walk 6 hours in an 8-hour workday.

Tr. at 17.  At step four, the ALJ found Plaintiff "is unable to perform any past relevant work." Tr. at 20 (emphasis and citation omitted).  After considering Plaintiff's age, education, work experience, and RFC, the ALJ determined at step five that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 21 (emphasis

omitted). The ALJ concluded Plaintiff was not under a disability from September 30, 2009 through the date of the Decision. Tr. at 22 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV. Discussion**

As noted above, Plaintiff raises a single challenge to the ALJ's Decision: Plaintiff contends the ALJ erred in discounting Dr. Risch's opinion. See Pl.'s Mem. at 1, 8-12. Plaintiff contends that the ALJ's assignment of "mixed weight" to Dr. Risch's opinion is both confusing and inadequately explained. See id. The Court agrees.

Dr. Risch, an examining source under the Regulations,[4] is a licensed psychologist, who examined Plaintiff on May 9, 2011 at the request of Plaintiff's then-representative. Tr. at 801. In relevant part, Dr. Risch documented the following findings. Plaintiff is "of simple intellect." Tr. at 804. "At times, he appeared as if he was having difficulty understanding simple questions." Tr. at 804; see also Tr. at 525 (interviewer from Administration noting same). Plaintiff described hearing voices and being afraid of them, as well as having "visual hallucinations[.]" Tr. at 804. Plaintiff "had difficulty reciting the alpabet and he completed that task with one mistake." Tr. at 805. "Overall, he exhibited very poor mental control." Tr. at 805.

As to the psychological testing performed during the examination, Plaintiff "put forth very poor effort[.]" Tr. at 805. "He often acted confused and had difficulty understanding simple and basic instructions." Tr. at 805. It was noted that Plaintiff's "confusion and problems with attention and concentration" likely rendered the test results invalid. Tr. at 805; see also Tr. at 807.

---

    4    A "[n]ontreating [or examining] source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]. The term includes an acceptable medical source who is a consultative examiner for [the Social Security Administration], when the consultative examiner is not [the claimant's] treating source." 20 C.F.R. § 404.1502.

Dr. Risch diagnosed "Cognitive Disorder," "Bipolar Disorder," and "Learning Disabilities," and also noted "R/O Borderline Intellect versus Mild Mental Retardation[.]" Tr. at 806-07.  Ultimately with respect to the effects, if any, these impairments have on Plaintiff's ability to work, Dr. Risch opined as follows:

> [Plaintiff] would have difficulty attempting to learn job skills and follow instructions.  He is unable to remain focused and pay attention. He is very self-involved and would only be able to interact with coworkers and supervisor at a very simple level.  He would not be a good candidate for working with the public. As the social complexity increases, [Plaintiff] would have more difficulty. [Plaintiff] would have difficulty with problem-solving and decision-making.  He would need supervision to ensure that he is making the correct choices.  He would need supervision to ensure that he remained on task. [Plaintiff] would not be able to maintain consistency and pace.  He would be of poor reliability and predictability.

Tr. at 807.[5]

When analyzing medical opinions,[6] "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)).  When an ALJ does not describe with particularity the weight assigned to medical opinions, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  It is not up to a reviewing court

---

[5] Dr. Risch noted in her report that she was enclosing with it the very evidence Plaintiff now seeks to admit to this Court, Tr. at 808, but for whatever reason, the evidence does not appear in the administrative transcript.

[6] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

to scour the record to find support for an ALJ's decision; rather, the ALJ must support his or her decision within. See Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir.1984) (declining "to affirm simply because some rationale might have supported the ALJ's conclusion").

Here, when summarizing Dr. Risch's findings, the ALJ stated the following with respect to the effects of Plaintiff's impairments on his ability to work:

> [Dr. Risch] . . . noted that [Plaintiff] would have difficulty working with the public and that he should have only limited contact with coworkers and supervisors at a simple level. It was felt that [Plaintiff] would need supervision to ensure that he remained on task.

Tr. at 19 (citing Tr. at 801-08).

Later in the Decision, when assigning weight to the various medical opinions contained in the record, the ALJ stated that Dr. Risch "noted that [Plaintiff] had significant cognitive deficits; however, she indicated that [Plaintiff's] IQ scores were invalid." Tr. at 20. The ALJ assigned "[m]ixed weight" to Dr. Risch's opinion and findings. Tr. at 20. These two sentences are the only attempt to explain the weight assigned to Dr. Risch's opinion.

There are three problems with the ALJ's handling of Dr. Risch's opinion. First, only part of it is accurately summarized early in the Decision, so the undersigned cannot be sure that it was considered in its entirety. Cf. Winschel, 631 F.3d at 1179 (finding it problematic that an ALJ "did not discuss pertinent elements of the examining physician's medical opinion"). Second, the ALJ assigned the opinion "mixed weight" without explaining what that means; the undersigned cannot tell which parts of the opinion were rejected and why. Third, the ALJ elected to assign "great weight" to an opinion of a non-examining psychologist whose opinion was rendered almost one year prior to Dr. Risch's examination (and who

obviously could not have reviewed Dr. Risch's report and findings). Tr. at 20 (citing Tr. at 747-70). Given that the ALJ did not adequately explain the election to assign "mixed weight" to Dr. Risch's opinion, the undersigned cannot determine whether it was warranted to assign great weight to the non-examining psychologist's opinion over Dr. Risch's opinion.

In sum, the ALJ's lack of explanation frustrates judicial review, and the undersigned, therefore, cannot determine whether the Decision is supported by substantial evidence.

## V. Conclusion

Upon review, the undersigned finds that this matter is due to be reversed and remanded for further consideration of Dr. Risch's opinion.

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

　　(A)　Reevaluate the medical opinion of Dr. Risch; state with particularity the weight afforded and the reasons therefor;

　　(B)　Allow Plaintiff to submit the additional evidence from Dr. Risch; and

　　(C)　Take such other action as may be necessary to resolve these claims properly.

2. In light of the foregoing, Plaintiff's Motion to Supplement the Record (Doc. No. 14) is **DENIED as moot**.

3. The Clerk is further directed to close the file.

4. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 13, 2013.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record